UNITED STATES of America,
Plaintiff–Appellant,

v.

Harry VAN DYKE, Defendant–Appellee.

No. 89–5502.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1989.

Decided Feb. 12, 1990.

Rehearing and Rehearing In Banc
Denied March 15, 1990.

---

James G. Warwick (Breckinridge L. Willcox, U.S. Atty., Washington, D.C., Stephen L. Purcell, Asst. U.S. Atty., on brief), for plaintiff-appellant.

Warren Anthony Brown, Baltimore, Md., for defendant-appellee.

Before HALL and WILKINS, Circuit Judges, and WINTER, Senior Circuit Judge.

WILKINS, Circuit Judge:

The government appeals the sentence imposed on Harry Van Dyke. It contends that the district judge incorrectly applied the sentencing guidelines or in the alternative erred in departing downward from the applicable sentencing guidelines range. We vacate the sentence imposed and remand for resentencing.

I.

Van Dyke was arrested on February 10, 1988, while in possession of over a kilogram of heroin and two loaded handguns. He subsequently pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1) (West 1981) and possession of a firearm while committing a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp.1989). Since the offenses were committed after November 1, 1987, the sentences were governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. §§ 3551, et seq. (West 1985 & Supp.1989), and the sentencing guidelines promulgated by the United States Sentencing Commission.

There is no dispute that the applicable sentencing guidelines range for Van Dyke's section 841(a)(1) violation is 168 to 210 months. This results from a base offense level of 34 under U.S.S.G. § 2D1.1(a)(3), increased by two levels for Van Dyke's managerial role in the offense, U.S.S.G. § 3B1.1(c), and reduced by two levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a total offense level of 34 with a criminal history category of II. Section 924(c)(1) requires the imposition of a 60–month consecutive sentence. Thus, unless a downward departure was justified, the district judge should have selected a sentence within the sentencing range of 168 to 210 months and imposed a sentence of 60 months consecutive to it.

II.

It is apparent from the record that at the sentencing hearing there was some confusion about the appropriateness of grouping the two offenses. Of course, it would have been incorrect to attempt to group the section 924(c)(1) offense, for by statute a mandatory 60–month sentence for that violation must be imposed and served consecutively. 18 U.S.C.A. § 924(c)(1) (West Supp.1989); U.S.S.G. § 2K2.4(a) and

comment. (n. 1); U.S.S.G. § 3D1.2 and comment. (n. 1); U.S.S.G. § 5G1.2(a) and comment. At the conclusion of the sentencing hearing, the district court announced that it was imposing a guidelines sentence of 120 months for possession with intent to distribute heroin and 60 months consecutive for the firearm violation. The government immediately objected, correctly stating that this was not a guidelines sentence since the minimum sentence available within the appropriate sentencing guidelines range was 168 months for the drug offense and 60 months for the firearm offense, to be served consecutively. The district court responded that if the government's position ultimately proved to be correct, the sentence was based on a downward departure. The district court attempted to justify the departure by stating that "the court is satisfied that the defendant is trying to rehabilitate himself, and therefore I don't think a longer sentence is required."

Although the district court did not elaborate on its statement regarding Van Dyke's attempts "to rehabilitate himself," apparently the court was referring to Van Dyke's post offense activities. After his arrest and before sentencing, Van Dyke was held in pretrial detention at the Baltimore City Jail. During this period he participated in a drug abuse treatment program and counseled inmates about drug abuse. While the government argues that this foxhole conversion is highly suspect, we are not concerned with the issue of Van Dyke's sincerity, but only with the issue of whether under these circumstances, his "rehabilitative" conduct after arrest and before sentencing is a factor on which a departure may be based.

### III.

■ 18 U.S.C.A. § 3553(b) (West Supp. 1989) requires a court to impose a sentence within the sentencing guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from

that described." The departure standard set forth in section 3553(b) envisions a two-prong test. *United States v. Summers*, 893 F.2d 63, 66 (4th Cir.1990). The first prong of the test initially requires a determination that a particular aggravating or mitigating circumstance was "not adequately taken into consideration by the Sentencing Commission." If the court determines that a circumstance was "not adequately taken into consideration," it must next engage in a fact-finding mission to determine if the circumstance is supported by the facts in the particular case under consideration. Then, if the district court identifies one or more aggravating or mitigating circumstances "not adequately taken into consideration," it may depart from the sentencing guidelines range only if it further determines that because of the circumstance a sentence different from the guidelines sentence "should result." This second prong of the departure test requires the district court to determine whether the circumstance now identified and found to exist in the particular case is of sufficient importance and magnitude to justify a departure. *Id.*

■ In addition to this two-prong test, 18 U.S.C.A. §§ 3742(e)(3) and (f)(2) (West Supp.1989) require an appellate court to determine whether a departure is reasonable. *See Summers*, at 66–67 (outlining standards of appellate review of reasonableness of a departure); *see also United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.1989); *United States v. Aguilar–Pena*, 887 F.2d 347 (1st Cir.1989). In *Summers* we held that a standard akin to that used in addressing questions of law should be used when reviewing the initial determination that a mitigating or aggravating circumstance was not "adequately taken into consideration."

### IV.

The *Guidelines Manual* specifically addresses post offense conduct and its influence on the ultimate sentence. A 2-level increase is provided under section 3C1.1

(obstructing administration of justice)[1] and a 2-level decrease under section 3E1.1 (acceptance of responsibility). The commentary to section 3E1.1 enumerates, by way of example, actions which may be indicative of a defendant's acceptance of responsibility. It continues by providing that these acts "(or some equivalent action)" are set forth to aid the court in determining whether a defendant is entitled to application of this mitigating factor. U.S.S.G. § 3E1.1, comment. (n. 1) and (backg'd). And, if entitled, a defendant's offense level is reduced, not by way of departure, but by the two levels provided.

 While Van Dyke's post offense conduct was entitled to consideration by the district court, its consideration is limited to application of acceptance of responsibility because it is the type of "equivalent" conduct encompassed within the framework of U.S.S.G. § 3E1.1. *Cf. United States v. Scroggins*, 880 F.2d 1204, 1215–16 (11th Cir.1989) (defendant's continued use of cocaine after arrest was a proper basis for denying a section 3E1.1 reduction). Van Dyke's conduct falls within the same category, for sentencing purposes, as voluntarily making restitution to a victim, voluntarily surrendering to authorities soon after committing an offense, or assisting in the recovery of the fruits of a crime (examples of post offense "rehabilitative" conduct that could warrant a mitigating adjustment under section 3E1.1). Applying a standard akin to a review of questions of law, *Summers*, 893 F.2d at 66, we hold that Van Dyke's post offense conduct was not "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," 18 U.S.C.A. § 3553(b), in U.S.S.G. § 3E1.1 and hence cannot serve as an independent basis for departure.

## V.

 Nor is a departure from the guidelines available under 18 U.S.C.A. § 3553(b) simply because the sentencing judge declares "I don't think a longer sentence is

required." The primary Congressional objective embodied in the Sentencing Reform Act, 18 U.S.C.A. §§ 3551, *et seq.*, was to produce consistency and uniformity in sentencing, a worthy goal which requires us to put some of the practices of the past aside. *See United States v. Lopez*, 875 F.2d 1124, 1126–27 (5th Cir.1989) (disagreement with the guidelines does not provide a reasonable basis for departure).

Consequently, we vacate the sentence imposed and remand with instructions to the district judge to impose a sentence within the appropriate sentencing guidelines range consistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

**1.** Post offense conduct may also affect the sentence if the government moves to depart from

the guidelines based on the defendant's "substantial assistance." U.S.S.G. § 5K1.1.