904 F.2d 702
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Delbert Lee THORNE, Defendant-Appellee.
 No. 89-5192.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 9, 1990.
Decided: May 24, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-88-112-R).
 Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Va., argued, for appellant;
 John P. Alderman, United States Attorney, Roanoke, Va., on brief.
 J. Troy Abbott, Law Offices of Daniel L. Crandall, P.C., Roanoke, Va., for appellee; Daniel L. Crandall, Law Offices of Daniel L. Crandall, P.C., Roanoke, Va., on brief.
 W.D.Va.
 REVERSED AND REMANDED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States appeals from a judgment of the district court sentencing Delbert Lee Thorne on a firearms conviction. The government contends the district court erred by departing downward from the sentence required by the sentencing guidelines. We agree, reverse, and remand for resentencing.
 
 
 2
 When local police responded to a complaint of a domestic dispute at Thorne's residence, Thorne appeared with a shotgun and barred an officer from entering the house. The officer retreated. Five days later, Thorne's residence was searched pursuant to a federal warrant and one shotgun and two rifles were found. One of the guns had been sold directly to Thorne, who had an extensive criminal record including convictions for possession of marijuana, breaking and entering, burglary, petty larceny, accessory to larceny of property, and assault and battery. Thorne pleaded guilty to being a felon in possession of firearms. See 18 U.S.C. Secs. 922(g)(1) & 924(a).
 
 
 3
 At sentencing, the district court correctly recognized that Thorne had a criminal history category of "five." In its factual findings, it found the base offense level to be "ten." A "ten" offense level under a "five" criminal history category would, without more, result in a sentence of twenty-one to twenty-seven months. The court, however, made a downward departure and sentenced Thorne to six months work release and three years supervised release. In making the downward adjustment, the court commented:
 
 
 4
 [T]he court in this case is going to d[e]viate down from the sentencing guidelines. I'm doing this for several reasons. I know that the guidelines say that you'll not take into consideration the fact that the person has an alcohol or drug problem, and I'm really not doing that. But I'm giving him the benefit of what--of his behavior since this offense occurred. And the probation officer tells me that she feels that she has been able, partially, to salvage this young man and that he's gotten rid of these problems and that she feels that a long period of incarceration would set him back to where he was before. I think that alone is justification for the departure.
 
 
 5
 Also, this man was charged and he has served sixty (60) days in the county jail already for a state related offense growing out of the same matter. Also, I'm mindful of the fact that he has, since this offense occurred, he's obtained a job; he's working; and that he's supporting the woman with whom he's living and her two (2) children.
 
 
 6
 A sentencing court may not depart from the applicable guidelines range unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. Sec. 3553(b); see also United States Sentencing Commission, Guidelines Manual Sec. 5K2.0 (policy statement). In United States v. Summers, 893 F.2d 63 (4th Cir.1990), we explained that Sec. 3553 requires a two-part review. We first examine the sentencing court's "initial determination that a mitigating or aggravating circumstance was 'not adequately taken into consideration' " in the guidelines, applying a standard "akin to that used in addressing questions of law." Id. at 66. Then, applying a clearly erroneous standard, we must decide "whether there is sufficient evidence to support a finding that a circumstance on which a departure is based actually exists in the particular case." Id. at 67. Any departure from the guidelines must be reasonable. Id.; United States v. Van Dyke, 895 F.2d 984, 986 (4th Cir.1990); 18 U.S.C. Secs. 3742(e)(3) & (f)(2).
 
 
 7
 The sentencing court's primary reason for the downward departure was the probation officer's feeling that she had been able to "salvage this young man ... and that she feels that a long period of incarceration would set him back to where he was before." But, as we explained in Van Dyke, 895 F.2d at 987, such a consideration may be relevant to the defendant's acceptance of responsibility, see U.S.S.G. Sec. 3E1.1, but is not a mitigating circumstance which has escaped the sentencing commission's attention. Cf. U.S.S.G. Secs. 5H1.4, 5H1.5, & 5H1.6 (policy statements). Therefore the trial court erred in using this as a basis for a downward departure.
 
 
 8
 The trial court also advanced as a reason for departure the fact that Thorne had served a sixty-day state sentence for brandishing a shotgun. That incident occurred five days before the search which led to this federal firearms prosecution. The guidelines do not contemplate a downward departure based on such circumstances.* Indeed, the commission's incorporation of criminal history into its sentencing formula suggests a contrary result. See U.S.S.G. ch. 4, pt. A. Because we see no reasonable basis for reducing a federal sentence based on a previously-served state sentence, we hold that the district court abused its discretion in using this rationale to justify a downward departure in Thorne's sentence. See Summers, 893 F.2d at 67.
 
 
 9
 In view of the above, the judgment of the district court is reversed and the case remanded for resentencing.
 
 REVERSED AND REMANDED
 
 
 *
 The guidelines addressing facts most closely approximating those in the present case provide for concurrent treatment of closely-related federal offenses. See U.S.S.G. ch. 3, pt. D