**UNITED STATES of America**

v.

**Henry Clay SAUNDERS.**

**Crim. No. 90–00074–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 27, 1990.

See also 736 F.Supp. 698.

W. Neil Hammerstrom, Asst. U.S. Atty., Henry Hudson, U.S. Atty , Alexandria, Va., for U.S.

Drewry B. Hutcheson, Jr., Alexandria, Va., for defendant.

## SENTENCING MEMORANDUM

ELLIS, District Judge.

### INTRODUCTION

Defendant Henry Clay Saunders is before the Court for sentencing after a jury trial on May 14, 1990 to Count I of an Indictment charging defendant with Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(a).

The trial record reflects that on February 9, 1990 at 2:30 to 3:30 am, defendant drove Patricia Duckett to a secluded wooded area on Fort Belvoir, Virginia property. Once there, he told her "I am going to bang you up or have sex with you." Duckett told him "no" and began to scream. To silence her and overcome her physical resistance, defendant choked her, pulled her hair and bit her lip, causing it to bleed. He also pulled down her pants and then twice forced her to have sexual intercourse with him in the vehicle.

Following the rapes, defendant instructed Duckett to put on her pants. He then drove west on Backlick Road towards Interstate 95. At a Backlick Road traffic light prior to the entrance ramp to Interstate 95, Duckett jumped out of the vehicle and ran to a gas station. She told a tow truck driver in the parking lot of the station that she had been raped and requested that he call the police. The Fairfax County Police and the United States Army Military Police were then notified.

Duckett was admitted to the DeWitt Army Hospital at 8:00 am on February 9, 1990. Serology tests were performed revealing the presence of semen on two vaginal smears, one vaginal swab, and on the panties taken from Duckett during the examination.

Earlier in the evening, defendant and Duckett had purchased a $20 rock of crack cocaine, which they smoked at his house. Prior to this, Duckett had accompanied defendant as he drove an 18 year-old friend, Jackie Harris, to Arlington so that this friend could sell some crack. Defendant then drove his friend and Duckett to Washington, D.C. where the friend attempted to purchase more crack cocaine.

Pursuant to 18 U.S.C. § 3553, the Court sets forth the following findings and reasons in connection with the sentence imposed on defendant.

### A. Uncontested Matters:

With the exception of the matters listed below, the government and defendant have no objection to the Presentence Investigation Report ("PSIR"). Accordingly, with the exception of those matters, the Court adopts the findings and conclusions of the PSIR as its findings and conclusions in this sentencing proceeding.

Defendant advised the Court that the offenses listed in Paragraphs 17, 18, 19, 20, 21 and 23 of the original PSIR were erroneously attributed to defendant. Upon con-

firmation of this by the Probation Officer and without objection from the government, a corrected PSIR was submitted deleting these offenses.

Without objection by the government, the Court orders that an undated letter "to whom it may concern" from Margaret Barbour be made a part of the PSIR.

### B. *Contested Matters:*

■ Defendant contests the Probation Officer's conclusion that the career offender designation is applicable to defendant. This contention is without merit. § 4B1.1 provides that,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant satisfies all three requirements. He does not dispute that he satisfies criteria 1 and 2: (i) he was 37 at the time of the instant offense and (ii) the instant offense is clearly a crime of violence. But defendant does dispute whether the third criterion is met. Specifically, he argues that his past criminal history has been mischaracterized with respect to both the nature and the number of his prior offenses. This argument is groundless. The probation officer's determination to designate defendant as career offender is based on defendant's convictions for (i) armed robbery on February 4, 1977; (ii) felonious assault on May 7, 1984; and (iii) unlawful wounding on August 16, 1989. All three offenses are felonies, and all three are crimes of violence, for they all have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Thompson,* 891 F.2d 507, 509 (4th Cir.1989) (definition of crime of violence in 18 U.S.C. § 16[1] is incorporated into the Sentencing Guidelines for purposes of career offender calculation). Thus, defendant satisfies all three career offender criteria and is, therefore, properly designated a career offender.

### C. *Conclusions:*

1. Defendant's adjusted offense level is 31.

2. Defendant's offense level total is 37.[2]

3. Defendant's Criminal History Category is VI and the Career Offender Provision, U.S.S.G. § 4B1.1, applies.

4. The range of punishment under the Guidelines is 360 months to life, with 3 to 5 years of supervised release required.

5. The Guidelines range of fines is $20,000 to $200,000, with an additional statutory special assessment of $50 for each felony count. 18 U.S.C. § 3013(a)(2)(A).

6. Probation is not authorized.

### D. *Motion for Departure:*

■ Defendant seeks a downward departure based on the contention that the "victim's wrongful conduct contributed significantly to provoking the offense behavior." U.S.S.G. § 5K2.10. Specifically, defendant relies on the fact that he and the victim smoked crack cocaine together on the night of the rape and that she is reputed to have, in the past, engaged in sexual relations in exchange for drugs. Neither circumstance justifies a departure. As § 5K2.10 makes clear, victim conduct is ordinarily not sufficient to warrant a departure in the context of criminal sexual abuse offenses. This is a sensible result in light of the fundamental point that the law protects all persons

---

1. 18 U.S.C. § 16 (West Supp.1989) defines a crime of violence as,
   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that

physical force against the person or property of another may be used in the course of committing the offense.

2. Because defendant is a career offender convicted of a crime punishable by a maximum of life imprisonment, six levels must be added to his adjusted offense level. *See* U.S.S.G. § 4B1.1.

from rape, regardless of their past virtue and history, or even their criminal conduct. That the defendant and the victim smoked crack together the night of the incident, or that the victim may have engaged in sexual relations in exchange for drugs, in the past, are not actions that "significantly contributed to provoking" the rape. Accordingly, defendant's motion for a departure under § 5K2.10 is DENIED.

■ Defendant also moves for a departure, pursuant to U.S.S.G. § 4A1.3, on the ground that his criminal history category overstates the seriousness of his past criminal conduct. Defendant argues that even though his criminal history, on its face, satisfies the requirements for application of the career offender provision, the application of the provision in this case is unjustified because it results in a sentence that is disproportionately severe given the nature of the instant offense. Specifically, application of the career offender provision will add approximately ten years to his minimum guideline range. Thus, defendant moves the Court to apply § 4A1.3 to § 4B1.1, and depart downward from the minimum guideline range required by application of the career offender provision.

The Court concludes that the Guidelines do not allow such a departure. Both the language and structure of § 4B1.1 point persuasively to the conclusion that the departure provisions of § 4A1.3 do not apply to career offenders. Thus, § 4B1.1 provides that where the offense level from the career offender table is greater than the otherwise applicable offense level, "the offense level from the table ... *shall* apply." (emphasis added). Similarly, the criminal history category for a career offender *"in every case shall be* Category VI." (emphasis added). This mandatory language, cou-

pled with the absence of any reference to § 4A1.3 or departures strongly suggests that the Sentencing Commission intended no criminal history downward departures for career offenders. Consistent with this conclusion is the Sentencing Commission's explicit incorporation of the § 4A1.2 criminal history computing instructions into § 4B1.1. This limited and specific incorporation of one part of § 4A1 invites the inference that no other part of that section applies to career offenders.

This conclusion finds further support in Congress' rationale for the career offender provision. Congress intended that " 'career' offenders ... receive a sentence of imprisonment 'at or near the maximum term authorized.' The ... 'maximum term authorized' should be construed as the maximum term authorized by statute.[3]" U.S.S.G. § 4B1.1, Background Note, citing S.Rep. 98–225, 98th Cong., 1st Sess. 175 (1983), 128 Cong.Rec. 26,511–512 (text of "Career Criminals" amendment by Sen. Kennedy), 26,515 (brief summary of amendment), 26,517–518 (statement of Sen. Kennedy). To give effect to Congress' intent to sentence career offenders near the statutory maximum, the Sentencing Commission designed § 4B1 to exclude downward departures based on a court's analysis of a defendant's criminal history. Under § 4B1, the analysis of a defendant's criminal history begins and ends with the application of the Section's three criteria[4], which, as noted, are designed to carry out Congress' intent that career offenders receive sentences at or near the maximum statutory term. This intent would be defeated were courts permitted to resort to § 4A1.3 to justify downward departures for career offenders. Accordingly, defendant's motion for a departure on the basis of § 4A1.3 is DENIED.

---

**3.** The maximum term authorized for the offense at issue here, aggravated sexual abuse, is life imprisonment. 18 U.S.C. § 2241(a).

**4.** The rationale of § 4B1.1 is that when the Section's three criteria are satisfied, the risk of recidivism is sufficient to warrant enhanced punishment. The degree of enhancement is solely a function of the seriousness of the instant offense as reflected in the maximum statutory punishment. Put another way, under

§ 4B1, a defendant's criminal history determines only whether the risk of recidivism warrants enhanced punishment. But importantly, criminal history plays no role in determining the degree of enhancement. There is some logic, therefore, that criminal history, since it is not used to measure the degree of enhancement, should not be used as a departure basis to lessen the degree of enhancement.

■ Nor is there any other basis justifying a downward departure in defendant's case. The Sentencing Reform Act of 1984 requires courts to impose a sentence within the guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines" and that the circumstances should result in a sentence different from the one prescribed by the guidelines. 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0. Thus, departures are appropriate upon satisfaction of a two-prong test. The first prong requires identification of a particular aggravating or mitigating circumstance that the guidelines have failed to take into account. Once having identified that circumstance, the court can depart only if it further determines that, by virtue of the circumstance, a different sentence should result from the one prescribed by the guidelines. *See United States v. Goff,* 907 F.2d 1441 (4th Cir.1990); *United States v. Van Dyke,* 895 F.2d 984 (4th Cir.1990); *United States v. Summers,* 893 F.2d 63, 66 (4th Cir.1990). Here, defendant has identified no aggravating or mitigating circumstance not taken into account by the Guidelines. Given this, the Court's inquiry ends and no departure on this basis is permissible. Accordingly, defendant's Motion for a Departure on the basis of 18 U.S.C. § 3553(b) and § 5K2.0 is DENIED.[5]

### E. *Sentence Imposed:*

The Court commits defendant to the custody of the Bureau of Prisons for a period of 360 months on Count I. Upon release from confinement, the defendant is to serve a period of 3 (three) years of supervised release. As a special condition of supervised release, defendant is to complete a program of drug testing and drug rehabilitation at the discretion and direction of the Probation Office.

The Court also imposes a $50 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(A). Given defendant's lack of

---

5. Since the Court finds no basis for a departure, it does not reach the issue whether a lesser

financial assets, the Court declines to impose either a fine or the costs of incarceration or supervised release.

### F. *Statement of Reasons for the Court's Sentence:*

In setting life imprisonment as the maximum punishment for aggravated sexual abuse (rape), Congress recognized the vicious and heinous nature of the crime. The Court, in sentencing defendant at the low end of the Guideline range, effects Congress' will since, given defendant's age (37), a 30 year sentence is the essential equivalent of life imprisonment. The sentence imposed, therefore, adequately satisfies the Guidelines' goals relating to deterrence, retribution and incapacitation.

Copies of this Sentencing Memorandum shall be issued to all counsel of record, the United States Probation Office, the United Bureau of Prisons, and the United States Sentencing Commission.

sentence would be appropriate for this defendant.