927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Norris HIGGS, a/k/a Norris Eckles, Defendant-Appellee.
 No. 90-5798.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1990.
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-89-47)
 Margaret Person Currin, United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Raleigh, N.C., for appellant.
 Carl G. Ivarsson, Jr., Fayetteville, N.C., for appellee.
 E.D.N.C.
 REMANDED.
 Before ERVIN, Chief Judge, K.K. HALL, Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal presents the issue of whether the district court violated the provisions of 18 U.S.C. Sec. 924(c)(1) by sentencing appellee Norris Higgs to a term of imprisonment of less than the statutorily imposed five year term as provided for in Sec. 924(c)(1).
 
 I.
 
 2
 In December of 1989, Higgs was indicted on six counts, including a count for using and carrying a firearm during and in relation to a crime of violence prosecutable in a court of the United States, in violation of 18 U.S.C. Sec. 924(c). On December 28, 1989, Higgs and the government negotiated a plea agreement whereby Higgs agreed to plead guilty to this count of the indictment in exchange for a dismissal of all the remaining counts. The plea agreement, signed by Higgs, explicitly provided that "the defendant understands that the penalty which will be imposed upon his plea of guilty to Count 3 of the Superseding Indictment is imprisonment for five years."
 
 
 3
 A hearing for the purposes of accepting Higgs' plea was held on January 8, 1990. The district court found that there was a factual basis for Higgs' guilty plea, and accepted that plea.
 
 
 4
 Thereafter, the United States Probation Office filed a presentence report, in which it indicated that the conviction under Sec. 924(c) mandated a five year minimum sentence without benefit of probation or parole. Higgs did not object to this presentence report.
 
 
 5
 On April 9, 1990, a sentencing hearing was held. At this hearing the district court noted that the offense carried a mandatory five year sentence. After hearing from Higgs, however, the district court sentenced him to 36 months. The district court judge acknowledged the mandatory provision of a five year sentence, but found that "Congress in enacting Sec. 924(c) may not have adequately taken into consideration certain factors." The district court noted the defendant's youth, lack of criminal record, and that the incident "arose out of youthful group altercations...." The government objected, but the district court overruled this objection. This appeal follows.
 
 II.
 
 6
 Section 924(c)(1) of Chapter 18 of the United States Code provides in pertinent part that:
 
 
 7
 Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years.... Notwithstanding any provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 8
 The authority "to define and fix the punishment for felony convictions is 'purely a matter of legislative prerogative.' " United States v. Goodface, 835 F.2d 1233, 1236 (8th Cir.1987), citing Rummel v. Estelle, 445 U.S. 263, 274 (1980). Section 924(c)(1) unequivocally requires a five year sentence, a fact which has previously been recognized by this Court. See United States v. Van Dyke, 895 F.2d 984, 985 (4th Cir.1990); United States v. Summers, 893 F.2d 63, 65 (4th Cir.1990). As the statutory language so plainly provides for the imposition of a five year sentence, this Court need not belabor discussion of the issue. Accordingly, this case is remanded for resentencing of the defendant to the mandatory term of five years imprisonment.
 
 REMANDED