993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara BRYANT, Defendant-Appellant.
 No. 92-5766.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 12, 1993
Decided: May 25, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-92-163)
 David A. Downes, Front Royal, Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Barbara Bryant entered a guilty plea to one count of acquiring a controlled substance through fraud (21 U.S.C.A.s 843(a)(3) (West 1981 & Supp. 1992), and to one count of possessing hydromorphone (Dilaudid) (21 U.S.C.A. § 841 (West 1981 & Supp. 1992). She appeals her sentence, alleging that the district court erred by including in the computation of the offense level drugs which she personally used, and in failing to depart. We affirm in part and dismiss in part.
 
 
 2
 While employed as a nurse in 1989, Bryant forged about eighty-eight prescriptions for Dilaudid which she then filled at pharmacies in West Virginia and Virginia. She purchased approximately 3000 tablets of Dilaudid. When she was discovered, she admitted her conduct and told two investigators, one from West Virginia and one from Virginia, that she had a connection in Washington, D.C., who bought Dilaudid for $10 to $15 a tablet.
 
 
 3
 At her sentencing hearing, however, Bryant said she had used most of the Dilaudid herself, taking seven to ten pills every three or four hours every day. She said she had given only about ten percent of the tablets to her husband, who said he could sell them in Washington. She said she did not know whether he had actually done so, but that she had lied to the investigators to protect her husband.
 
 
 4
 Bryant argued that her offense level should be determined using only the ten percent of illegally acquired Dilaudid which she gave to her husband for distribution. However, the district court accepted as correct the probation officer's calculation of the offense level, which used the whole amount she obtained. United States Sentencing Commission, Guidelines Manual, §§ 2D1.1, 2D2.2, 3D1.2(d) (Nov. 1992). We review the district court's factual finding as to the amount of drugs involved for clear error, United States v. Goff, 907 F.2d 1441 (4th Cir. 1990), and its application of the guidelines de novo. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989).
 
 
 5
 Bryant maintains on appeal that the government did not prove what amount she used and what amount she distributed. However, section 2D1.1, the guideline applicable to her offense, does not make this distinction. Moreover, Bryant's initial statements to the investigators did not minimize the distribution aspect of her conduct and were at variance with her testimony at the sentencing hearing. The district court decided that her earlier account was more credible and that finding is not clearly erroneous.
 
 
 6
 Bryant asked the court to depart downward because of her extraordinary success in rehabilitating herself from her drug habit. The court was sympathetic but refused to depart, largely because of our decision in United States v. Van Dyke, 895 F.2d 984 (4th Cir.), cert. denied, 498 U.S. 838 (1990). In Van Dyke, we held that drug rehabilitation is not a valid ground for departure. We decline to reconsider Van Dyke, and, therefore, we do not review the district court's decision not to depart. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 7
 We therefore affirm the district court's judgment. To the extent the appeal challenges the district court's failure to depart, it is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART