**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4182

JERRY L. BROWN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4185

JERRY L. BROWN,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-191, CR-95-138)

Submitted: December 17, 1996

Decided: August 5, 1997

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded for resentencing by unpublished per curiam
opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Philip J. Combs, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry L. Brown was indicted on one count of arson of a facility in interstate commerce, in violation of 18 U.S.C. § 844(i) (1994). He was later charged by information with denying access to an establishment in interstate commerce on the basis of race, in violation of 18 U.S.C. § 245(b)(2)(F) (1994). He pled guilty to both charges and was subsequently sentenced to forty-six months imprisonment with a three-year term of supervised release. Brown now appeals from that sentence. For the following reasons, we vacate Brown's sentence and remand for further proceedings.

I.

The evidence at the sentencing hearing and the undisputed statement of facts in the presentence report showed that on July 30, 1995, at about 3:40 a.m., Brown, who had been drinking most of the day, filled a two-liter soda bottle with gasoline and set it on fire in front of the Capitol Lounge (the "Lounge") in Charleston, West Virginia. The Lounge is frequented by people of African-American descent. Brown is white, and his apparent motivation in setting the fire was his belief that African-Americans were "trying to take over."

2

The Lounge is a two-story, brick and masonry building. The front door is made of steel. There are two apartments above the Lounge, although neither was occupied at the time of the fire. Several businesses are located in the immediate vicinity. Pedestrian and vehicular traffic are common in that area early on Sunday mornings, about the time of the fire. The fire never penetrated the bar to any noticeable extent. The fire was contained by the fire department and put out without any apparent difficulty. No one was injured.

In November 1995 (following the indictment, but prior to his guilty plea), Brown entered a hospital and began treatment for alcoholism, which he continued. He also made full restitution to the Lounge before sentencing.

At the end of the sentencing hearing, the district court concluded that Brown knowingly created a substantial risk of death or serious bodily injury when he lit the incendiary device. The court characterized the lounge's steel door, which prevented the fire from spreading, as a mere fortuity. The district court also observed that it is rare for full restitution to be made before sentencing. It further acknowledged that Brown had moved to address his alcohol problem and that he appeared to be a "different person." However, the court noted that there was a split in the circuits as to whether the acceptance of responsibility exhibited by Brown could provide a basis for downward departure. Based on United States v. Van Dyke, 895 F.2d 984 (4th Cir. 1990), the court determined that it was precluded from departing.

II.

Brown first challenges the enhancement for reckless endangerment under USSG § 2K1.4(a)(1)(A),* arguing that there was no evidence that he actually endangered anyone. To support this contention, Brown asserts that there was no one in the vicinity at the time of the fire and that the steel door on the Lounge prevented the fire from spreading.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

3

We review challenges to a district court's sentencing determination regarding USSG § 2K1.4 for clear error. United States v. Golden, 954 F.2d 1413, 1416 (7th Cir. 1992). A review of the record fully supports the district court's decision to enhance Brown's sentence. Brown attempted to burn down the Lounge with gasoline--a dangerous combustible. He made no effort to determine the building materials of the Lounge or if anyone was in the Lounge before setting the fire. Furthermore, "even if a building is abandoned, there is always the chance that someone might be inside, or that a fire fighter may be injured or killed while putting out the flames. [Moreover,] fires . . . often spread to other structures and thereby amplify the risk of injury to additional civilians and fire fighters." Id. at 1417; see also United States v. Ramey, 24 F.3d 602, 608-09 (4th Cir. 1994) (where no one is injured due to mere "fortuity," enhancement may still be proper). We therefore hold that the district court appropriately enhanced Brown's sentence.

III.

Brown next challenges the sentencing court's refusal to depart from the guidelines based on his acceptance of responsibility. A court's decision not to depart is generally not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990). However, when the district court bases its refusal to depart on lack of legal authority, the decision is a legal one, and we review it de novo. United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992).

Brown asserts that he is entitled to a departure because he made full restitution before sentencing and because he voluntarily sought alcohol treatment. He further asserts that the reason the district court did not depart from the guidelines is that it believed it lacked legal authority to do so under United States v. Van Dyke, 895 F.2d 984 (4th Cir. 1990). We recently held that Van Dyke was effectively overruled by Koon v. United States, 116 S.Ct. 2035, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842). See United States v. Brock, 108 F.3d 31.

In Koon, the Supreme Court examined departure decisions. According to Koon, a district court must identify a potential basis for departure as forbidden, encouraged, discouraged, or unmentioned

4

under the guidelines. 116 S.Ct. at 2045. Acceptance of responsibility or post-offense rehabilitation is properly classified as an unmentioned basis for departure. Brock, 108 F.3d at 35. When the asserted basis for departure is unmentioned, the district court may depart only if the "`structure and theory of both relevant individual guidelines and the Guidelines taken as a whole' indicate that [the basis for departure] take[s] a case out of the applicable guideline's heartland." United States v. Rybicki, 96 F.3d 754, 758 (4th Cir. 1996). In Brock we explained that "if a factor is neither encouraged nor discouraged, but listed by the Commission as one appropriately considered in applying an adjustment to the guidelines, a court may depart only if the factor is present to such an exceptional or extraordinary degree that it removes the case from the heartland of situations to which the guideline was fashioned to apply." Brock, 108 F.3d at 35. "Because the acceptance of responsibility guideline takes [post-offense rehabilitation] efforts into account in determining a defendant's eligibility for that adjustment, ... [that factor] may provide an appropriate ground for departure only when present to such an exceptional degree that the situation cannot be considered typical of those circumstances in which an acceptance of responsibility adjustment is granted." Id. The district court did not have the benefit of either Koon or Brock when it ruled.

IV.

For the foregoing reasons, we reject Brown's challenge to the reckless endangerment enhancement, but vacate Brown's sentence and remand for the district court to determine whether Brown's acceptance of responsibility was exceptional enough to take it out of the heartland of situations addressed by USSG § 3E1.1 and, if so, to determine whether it will exercise its discretion to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED FOR RESENTENCING

5