**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Melvin Raymond LAWRENCE,
Defendant–Appellee.**

No. 89–30284.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1990.

Decided Oct. 10, 1990.

Stephanie J. Johnson, Asst. U.S. Atty.,
Spokane, Wash., for plaintiff-appellant.

Kari J. Grytdal, Rascoff & Associates,
Spokane, Wash., for defendant-appellee.

Before WRIGHT, SCHROEDER and
NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellee, at the age of 52, pled guilty to
possession of over 100 marijuana plants
with intent to distribute. The plants were
found in his car. According to the presen-
tence report, he also had over 4,000 mari-
juana plants at his home.

Appellee has two prior state convictions:
In 1980, he pled guilty to one count of
possession of a controlled substance with
intent to deliver, and to one count of pos-
session of a controlled substance. He re-
ceived five years probation.[1] In 1982, he
pled guilty to two counts of possession of
marijuana with intent to manufacture or

---

1. Appellee contends that this conviction was for possession only, without any intent to distrib-ute. However, the first paragraph of the certi-fied copy of the judgment reads that he was charged with: "Possession of a Cont. Sub. With Intent to Mfg. or Deliver, Count I and III, Pos-session of a Cont. Sub., Count II." The judg-ment then records that appellee pled to "Posses-sion of a Controlled Substance Count I and Count II as charged in the Amended Informa-tion." The description of the plea was typewrit-ten in a small space in a printed document. Therefore, the recitation of the elements of the crime was abbreviated in the plea description, since the fuller description of Count I, recited in the first paragraph of the judgment, reflects that Count I charged Possession of a Controlled Sub-stance with Intent to Manufacture or Deliver. Appendix A of Appellant's Reply Brief.

deliver, and received six months in county jail and five years probation.[2]

The government sought to have appellee sentenced as a career offender under U.S.S.G. § 4B1.1 to a term of 12.6 to 15.6 years. The district judge departed downward from the guidelines, based in part on testimony from a psychiatrist that the likelihood of recidivism was low, and that the appellee was not violent or antisocial. Appellee received a sentence of 30 months imprisonment and three years supervised release. This would be the sentence for an offense level involving 100 marijuana plants and a criminal history level calculated without using the career offender enhancement.

The government appeals.

## I

A district court's interpretation of the sentencing guidelines is reviewed de novo. *United States v. Restrepo*, 903 F.2d 648, 651 (9th Cir.1990), *reh'g granted en banc*, Order 912 F.2d 1568 Sept. 5, 1990.

## II

■ In applying the guidelines, the district judge followed the procedure outlined in U.S.S.G. § 1B1.1, first *determining the* offense level and criminal history category, and finally looking to "any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence." *Id.* at § 1B1.1(i). Although the district court determined that appellee was a career criminal under the terms of § 4B1.1, the court departed downward from the guideline sentence. The court relied on language in a policy statement in a different section of the guidelines, which allows for such departures when the "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." E.R. 40 at 2–3, (quoting U.S.S.G. § 4A1.3, policy statement). We agree that the district court was entitled to rely on "any ... policy statement[ ] or commentary in the guidelines that might warrant consideration in imposing sentence." U.S.S.G. § 1B1.1.

The government, however, argues that the career offender provisions of U.S.S.G. § 4B1.1 must be applied rigidly, without regard to the provisions of other sections of the guidelines. The government gives two reasons for treating this section differently. First, the government argues that the career offender section must be read in light of 28 U.S.C. § 994(h), which states that:

> [t]he Commission *shall assure* that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and ... has been previously convicted of two or more prior felonies, each of which is (A) a crime of violence; or (B) an offense described in [various federal drug offenses]. (Emphasis added.)

This direction to the Sentencing Commission was the basis for the career offender provisions of U.S.S.G. § 4B1.1.[3] Because Congress's language is mandatory, the government argues that the district court did not have authority to depart downward from the career offender provisions on the basis of the Commission's policy statement in another section of the guidelines.

---

**2.** The district court refers to this offense in its order as possession of marijuana and possession of LSD. Excerpts of Record ("E.R.") 40 at 2. However, the certified copies of the judgment and sentence for this offense make clear that the count for LSD possession was dismissed, and appellee pled guilty to two counts of possession of marijuana with intent to manufacture or deliver. *Appendix B of Appellant's Reply Brief.*

Thus, we need not decide whether a simple possession offense qualifies as a controlled substance offense for purposes of the career crimi-

nal enhancement, because appellee was clearly convicted of offenses involving delivery or manufacture.

**3.** The Sentencing Commission's background notes for U.S.S.G. § 4B1.1 state:

> 28 U.S.C. § 994(h) mandates that the Commission assure that certain "career" offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this mandate.

The government's reading takes this portion of 28 U.S.C. § 994 out of context. The statute as a whole gives many directions to the Commission to follow in formulating the guidelines, including 28 U.S.C. § 994(t) that "[t]he Commission ... *shall describe* what should be considered extraordinary and compelling reasons for sentence reduction" (emphasis added). The language in all the sections of this statute is mandatory, but is directed to the Commission in formulating the guidelines, not to the courts. By allowing the guidelines to take effect, Congress has sanctioned the approach of the Commission, which, as expressed by the Commission's "Application Instructions" of § 1B1.1, requires that the guidelines be read as a whole. The text of 28 U.S.C. § 994 therefore gives no reason for reading § 4B1.1 (career offender) in isolation from § 4A1.3, nor does its legislative history.[4]

The government's second argument for its interpretation of § 4B1.1 relies upon language in *United States v. Sanchez–Lopez*, 879 F.2d 541 (9th Cir.1989), which held that the guideline career criminal enhancement was not an impermissible double enhancement, even though the statutory maximum term had already been enhanced by the same prior convictions. Our court remarked: "If the district court had not applied the career offender provision, Congress' intent for repeated drug offenders to have near the maximum sentence would have been thwarted." *Id.* at 559. *Sanchez–Lopez*, however, does not address the question whether a sentencing judge may downwardly depart when the career offender category over-represents a defendant's criminal history under § 4A1.3.

The Eighth Circuit has rejected the argument that no downward departures from the career criminal category are permissible, reasoning that "the overall policy provisions of the guidelines make clear that the Sentencing Commission did not intend to so completely restrict sentencing judges in this area." *United States v. Brown*, 903 F.2d 540, 545 (8th Cir.1990). *See also, United States v. Garrett*, 712 F.Supp. 1327, 1334–35 (N.D.Ill.1989) (departing downwards from career criminal provision), *aff'd on other grounds*, 903 F.2d 1105 (7th Cir.1990); *United States v. Nichols*, 740 F.Supp. 1332 (N.D.Ill.1990) (same, rejecting argument that § 4A1.3 does not apply to § 4B1.1); *but see United States v. Saunders*, 743 F.Supp. 444 (E.D.Va.1990) (mandatory language of § 4B1.1 "coupled with the absence of any reference to § 4A1.3 or departures strongly suggests that the Sentencing Commission intended no criminal history downward departures for career offenders").

Therefore, we affirm the district court's downward departure from the guidelines.[5]

### III

■ The government also argues that the district court erred in failing to consider the evidence of the over 4,000 plants in appellee's house. Appellee contends that the government failed to argue this fact at sentencing. However, the facts were before the district court, as they were included in the Presentence Report.

We agree with the government that this case must be remanded for resentencing, insofar as the district court may have relied on *United States v. Restrepo*, 883 F.2d 781 (9th Cir.1989), which held that evidence of uncharged criminal conduct, or evidence of criminal conduct in dismissed counts,

---

**4.** The "career criminal" portion of the the statute was sponsored by Senator Kennedy, whose comments are recorded in 128 Cong.Rec. 26,-517–18 (1982):

It is well documented that a relatively small number of repeat offenders are responsible for the bulk of the violent crime on our streets.... Career criminals must be put on notice that their chronic violence will be punished by maximum prison sentences for their offenses, without parole.

*Id.* at 26518. These comments do not address the issue here, and cut both ways. Although they express Congress's concern that recidivists receive maximum sentences, they also point out that violent crime is the primary concern. These comments may therefore support the district court's conclusion that appellee's dangerousness was not like that of most "career criminals."

**5.** The government does not challenge on appeal the departure as applied in this case.

could not be included in determining a defendant's offense level. That opinion has been withdrawn and replaced by *United States v. Restrepo*, 903 F.2d 648 (9th Cir. 1990), *reh'g granted en banc*, Order, Sept. 5, 1990, which holds that evidence of other criminal conduct may be considered in determining the offense level, if it is part of the same course of conduct as the offense of conviction.

The sentence is VACATED and the case REMANDED for resentencing.