936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Sain MCHENRY, Defendant-Appellant.
 No. 90-4165.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert Sain McHenry pleaded guilty to one count of possession with the intent to distribute cocaine and one count of possession of a firearm as a felon. See 21 U.S.C. Sec. 841(b)(1)(B) (1988); 18 U.S.C. Sec. 922(g)(1) (1988). Mr. McHenry appeared before the district court on September 12, 1990, for sentencing. After finding that the appellant met the requirements of a career offender under the United States Sentencing Guidelines, U.S.S.G. Sec. 4B1.1 (1990), the district court sentenced Mr. McHenry to the term of 292 months in a federal custodial facility. The district court judge, when issuing the sentence, indicated his discomfort with the harshness of appellant's sentence given the facts before him. The district judge nevertheless stated that he could find "no basis in the law for departing downward." Record, vol. 3, at 15.
 
 
 3
 Mr. McHenry now appeals his sentence under the career offender provision of the guidelines. He asserts that the district court may have incorrectly interpreted section 4B1.1 to preclude it from departing downward. Mr. McHenry points to language contained in the provision stating that "a career offender's criminal history category in every case shall be Category VI." We have previously addressed this seemingly mandatory language and held that the overall policy provisions of the guidelines make clear that the Sentencing Commission did not intend to completely restrict sentencing judges from downward departure under this provision. United States v. Maldonado-Campos, 920 F.2d 714, 718-19 (10th Cir.1990); see also United States v. Lawrence, 916 F.2d 553, 554-55 (9th Cir.1990); United States v. Brown, 903 F.2d 540, 544-45 (8th Cir.1990); U.S.S.G. Sec. 4A1.3.
 
 
 4
 The government concedes that the record does not indicate why the trial judge determined that there was no basis in the law for departing downward. The government believes it to be in the best interest of justice to vacate the district court's judgment and remand the cause for resentencing.
 
 
 5
 A district court commits plain error when it declines to consider a defendant's request to depart downward under the mistaken expressed belief that it has no discretion to consider a downward departure from the guidelines. United States v. Jefferson, 925 F.2d 1242, 1259 (10th Cir.1991). Given the district judge's statement at sentencing that he could find no basis in the law for departing downward, it is unclear whether he understood his power to depart downward under U.S.S.G. Sec. 4A1.3 despite the seemingly mandatory language contained in U.S.S.G. Sec. 4B1.1. Because the district court may have misapprehended its legal authority to depart downward when sentencing a defendant under the career offender provision, we VACATE the judgment of the district court and REMAND the cause for resentencing. We express no view on how the trial court should use the discretion which the law provides. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3