951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Melvin WATSON, Defendant-Appellant.
 No. 89-50568.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Watson was found guilty in a bench trial of six counts of unarmed and armed robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(a)(d), and three counts of using a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c). On each of the six counts of robbery, Watson received a sentence of 262 months, to run concurrently. This sentence reflects enhancement because of the defendant's undisputed status as a "career offender" under the Sentencing Guidelines. Sentencing Guidelines § 4B1.1, implementing 28 U.S.C. § 994(h). Watson received a five year consecutive sentence on each firearm count, raising his total period of incarceration to 442 months, or thirty-six years and ten months. The five year consecutive firearm sentence is mandatory. 18 U.S.C. § 923(c).
 
 
 3
 Watson appeals the imposition of the firearm sentences on top of the already enhanced underlying sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's application of the Sentencing Guidelines. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). We affirm.
 
 DISCUSSION
 
 4
 Watson urges this court to read the Sentencing Guidelines as requiring first the imposition of the 15 year firearm sentence, and then the imposition of sufficient additional time for the robbery counts to raise the total time of imprisonment to the level established by the Guideline for the robbery count only. In short, Watson hopes we will "interpret the Sentencing Guidelines to require that the consecutive sentence is a part of the total Career Offender sentence and not in addition to that sentence...." Blue Brief, at page 11 (emphasis added).
 
 
 5
 The Sentencing Guidelines are harsh. But in this case, they are also unambiguous. The commentary to § 2K2.4, which governs the use of firearms in relation to crimes of violence, states that a term of imprisonment under 18 U.S.C. § 924(c) must "run consecutively to any other term of imprisonment." Commentary, § 2K2.4 (emphasis added). See also § 3D1.1 and commentary. Section 5G1.2, governing sentencing on multiple counts, states that "the sentence to be imposed-on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently." § 5G1.2(a). Commentary to that section specifically considers a mandatory sentence under 18 U.S.C. § 924(c). "Counts for which a statute mandates a consecutive sentence, such as counts charging the use of a firearm in a violent crime (18 U.S.C. § 924(c)) are treated separately. The sentence imposed on such a count is the sentence indicated for the particular offense of conviction. That sentence then runs consecutively to the sentences imposed on the other counts." Commentary, § 5G1.2.
 
 
 6
 There is no room here for Watson's argument that the firearm sentence should be a part of the Career Offender sentence. Therefore, the district court judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3