963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Faustino PACHECO-ARIAS, Defendant-Appellant.
 No. 91-50607.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1992.
Decided May 1, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Faustino Pacheco-Arias appeals his sentence following his plea of guilty to one count of violating 8 U.S.C. section 1324, transporting illegal aliens. We have jurisdiction pursuant to 18 U.S.C. section 3231(a)(1)(B), and we affirm.
 
 FACTS
 
 3
 Appellant was the central figure in a ring that transported illegal aliens for hire and which operated from January 1991 until his arrest in April 1991.
 
 
 4
 Appellant pled guilty to transporting illegal aliens. The U.S. Probation Department recommended a sentence of eleven months' custody, and the government sought a fourteen month sentence. The court sentenced appellant to eleven months. Appellant sought, but was denied a two-month reduction for acceptance of responsibility.
 
 DISCUSSION
 
 5
 Appellant contends first that his two prior convictions for driving without a license should have been consolidated as related matters in calculating his criminal history category under the Sentencing Guidelines. Interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 6
 Second, appellant argues that the district court erred in refusing to grant his request for a two level reduction under the guidelines for acceptance of responsibility. Whether a defendant has accepted responsibility for a crime is a factual determination. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 7
 Calculation of Appellant's Criminal History Category
 
 
 8
 First, we find no error was made in the calculation of appellant's criminal history category. The district court properly considered appellant's two prior convictions for driving without a license as unrelated under U.S.S.G. section 4A1.2(a)(2). Thus, they were properly treated as two prior sentences instead of one. Under the comment to section 4A1.2 of the Guidelines, cases are related if they "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Appellant's prior offenses meet none of the tests for related cases. First, the prior offenses did not occur on the same occasion.
 
 
 9
 Second, we do not find the prior convictions related as part of a single common plan or scheme. Appellant made two separate decisions to drive without a license. Violating the same law more than once does not automatically make both offenses part of one scheme. Our conclusion that these are not related offenses under the Sentencing Guidelines is bolstered by the most recent amendments to section 4A1.2. The comment to that section now states: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest."
 
 
 10
 Finally, appellant's offenses were not consolidated for trial or sentencing. He drove without a license twice: on April 4, 1989 and October 6, 1989. He was convicted on November 30, 1989 for the October 1989 offense and on June 18, 1990 for the April 1989 offense. Appellant failed to appear at his first court date on the April 1989 offense. Had he done so, he would have been convicted of the first offense before the second ever occurred. But appellant claims that because the state court in which he was convicted of the driving violations usually combines such offenses for resolution, the district court should have consolidated them. Were we to agree to this, we would be rewarding appellant's failure to appear on the first offense.
 
 
 11
 Appellant's Acceptance of Responsibility Claim
 
 
 12
 Appellant next argues that his total offense level under the guidelines should have been reduced by two levels for acceptance of responsibility.
 
 
 13
 Under section 3E1.1, a sentencing court should reduce a defendant's offense level by two points if it finds he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." However, the Ninth Circuit has said that a defendant is not automatically entitled to such a reduction simply because he pleads guilty. Gonzalez, 897 F.2d at 1020; United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990).
 
 
 14
 The district court rejected the request for the reduction and found that the defendant's statements to the Border Patrol, to the probation department and to the court were intended to minimize his culpability and did not show that he had accepted responsibility. In particular, the district court noted that the defendant attempted to shift some of the blame from himself to others, particularly to the undercover agent. Appellant nevertheless asks this court to give him the reduction the judge refused. He claims to deserve the reduction because he pled guilty, he explained to the district court that he had been lured by the possibility of easy money, and he asked the judge to give him the opportunity to correct his life. While another judge might have granted a reduction in such circumstances, we cannot find that the district court committed clear error in refusing to grant a reduction for acceptance of responsibility.
 
 
 15
 Appellant's sentence imposed by the district court is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 16
 I believe that appellant's criminal history category was incorrectly determined. I do not agree that driving without a license on two occasions constitutes two separate offenses. Rather, under section 4A1.2, these two heinous crimes were in fact one simple deed. The defendant merely failed to obtain a driver's license, and his acts of driving were all a part of that single failure. I suspect that in fact the defendant committed hundreds of offenses, if the majority's theory is correct; on some occasions he probably committed five or more offenses a day.
 
 
 17
 Even under the Guidelines, common sense should prevail occasionally. To determine the extent to which the defendant is a major criminal on the basis of the number of times a police officer stopped him during the period he did not have a driver's license makes the judiciary seem slightly out of touch with reality. If the Guidelines require that, so be it. However, this is one occasion on which they do not.
 
 
 18
 I would vacate the sentence and remand.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3