962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel
UNITED STATES of America, Plaintiff-Appellee,
v.
Baltazar LOPEZ-CARRILLO, Defendant-Appellant.
 No. 91-50049.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided May 11, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Baltazar Lopez-Carrillo, appeals his 24-month sentence under the Guidelines for being a deported alien found in the United States in violation of 8 U.S.C. section 1326. We do not have jurisdiction over this appeal and therefore dismiss.
 
 Facts
 
 3
 On March 1, 1990, border patrol agents observed a truck illegally crossing the border through a hole in the border fence at the Otay Mesa Port of Entry. The agents followed the truck until it took off at a high speed; the agents gave chase. After the truck was cornered on a dead-end street, appellant abandoned the truck and started running. The agents apprehended him and discovered several illegal aliens hidden in the truck. Appellant admitted he was in the country illegally and that he knew the others in the truck were also illegal aliens.
 
 
 4
 Appellant pled guilty to being a deported alien found in the United States. The probation department determined his criminal history score to be 13, which included four points for having been previously deported after conviction for a non-immigration felony. Appellant's guideline range was 24 to 30 months, and the district court judge sentenced him to 24 months.
 
 
 5
 At sentencing, appellant's counsel argued that the four-point enhancement for the prior felony had a "disproportionate" effect on appellant's sentence because it added one year. Appellant now claims that the judge erred in not departing downward from the guidelines.
 
 Discussion
 
 6
 The legality of a sentence is reviewed de novo. United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1991). The interpretation of sentencing guidelines is also reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). If a district court refuses to depart downward, that decision is not reviewable. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 7
 Appellant argues that the judge incorrectly believed that he lacked discretion to depart downward from the guidelines. For that reason, he urges that we reverse and remand for resentencing. We reject appellant's argument and find that the judge simply chose not to depart, a decision that is not appealable.
 
 
 8
 Appellant's sentencing guidelines range was 24 to 30 months. He received 24 months because the statutory maximum for a violation of 8 U.S.C. section 1326 is 24 months. The judge did express sympathy for appellant's argument and suggested that appellant take the issue up with Congress. However, the judge also noted that there may be a "semblance of rationality to the Guidelines, because ... this defendant has ... nine names ... [and] five dates of birth...." The judge then recounted appellant's multiple previous offenses and noted that "[a]ll in all, he hasn't been following any of the laws of the United States." Given the judge's observations, we do not believe he wanted to depart downward but simply felt he had no discretion. We find that the district court chose not to depart downward, a decision that is not reviewable. Morales, 898 F.2d at 101. The appeal is therefore dismissed.
 
 
 
 *
 The panel find this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3