972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark GUERRERO, Defendant-Appellant.
 No. 91-50407.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Guerrero appeals his sentence under the United States Sentencing Guidelines following his plea of guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Guerrero, who was previously convicted of burglary on two separate occasions, contends that the district court erred in sentencing him as a career offender. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * The district court sentenced Guerrero under U.S.S.G. § 4B1.1, which provides that a defendant is a career offender if
 
 
 4
 (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 5
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991).
 
 II
 
 6
 Guerrero first contends that the legislative history of the career offender provision establishes that it was intended to apply only to those with "at least five assaults and robberies" and those "who are responsible for the bulk of violent crime on the street."
 
 
 7
 Congress clearly directed that the category of individuals convicted of multiple crimes of violence should receive a sentence at or near the maximum term authorized by statute. See United States v. Lawrence, 916 F.2d 553, 555 n. 4 (9th Cir.1990); United States v. Sanchez-Lopez, 879 F.2d 541, 559 (9th Cir.1989). Guerrero's two previous convictions for burglary place Guerrero squarely within that category.
 
 III
 
 8
 Guerrero also contends that his two burglary convictions should be treated as one sentence in computing his criminal history. Guerrero argues that the burglaries for which he was convicted were part of a common scheme or plan to support his drug addiction, and that the sentences for the two burglaries ran concurrently.
 
 
 9
 At the time Guerrero was sentenced, Application Note 3 of the Commentary to section 4A1.2 of the Guidelines provided that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."
 
 
 10
 Here, the burglaries for which Guerrero was convicted took place at separate locations on different days. The fact that Guerrero committed the burglaries, in the words of his counsel, "to make fast money to satisfy his heroin habit," does not establish a single common scheme or plan.
 
 
 11
 Guerrero's contention that his burglary convictions were "consolidated for sentencing" is, likewise, without merit. Guerrero was sentenced on different dates, for different crimes involving different victims. The burglaries were not "consolidated for sentencing" merely because the sentence imposed for one offense ran concurrently with the sentence imposed for the other. United States v. Davis, 922 F.2d 1385, 1390-91 (9th Cir.1991).
 
 IV
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3