967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Louis NETTLES, Defendant-Appellant.
 No. 91-50082.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Withdrawn from Submission Dec. 6, 1991.
Resubmitted June 22, 1992.
Decided June 24, 1992.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Gary Louis Nettles appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Nettles also challenges the sentence imposed for that conviction. We affirm the conviction, but vacate the sentence and remand for resentencing.
 
 BACKGROUND
 
 2
 This case arises out of Nettles' visit to a crack house in January 1989. Nettles had gone there to find a woman who owed him money for a previous drug deal. When the two met, they began to argue. During the argument, Nettles picked up a 20-gauge shotgun and "caused it to fire into the wall." Three days later, Nettles returned to the residence and remained within it for a time; during this period, he repeatedly answered the door armed with a shotgun.
 
 
 3
 As a result of this incident, the state prosecuted Nettles for robbery. After his acquittal, state officials referred his case to the Bureau of Alcohol, Tobacco and Firearms (BATF). They informed the BATF that a search of Nettles' home had produced a shotgun. Court records also confirmed that Nettles, a convicted felon, had admitted to possessing a similar weapon. BATF agent Barry Holden accordingly submitted a report incorporating this information and recommending prosecution. A federal grand jury thereafter indicted Nettles as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
 
 
 4
 Nettles' arrest coincided with Operation Streetsweep, a multi-agency operation designed to deter the spread of gangs. According to the Los Angeles Times, the BATF targeted the Crips and Bloods gangs because their level of violence had increased with the spread of drugs. The Los Angeles operation led to the arrests of more than 100 alleged gang members during June 14-15, 1990. The BATF decided to arrest Nettles in the operation because agency resources would be concentrated in his area at that time. Nettles and nine other black suspects ultimately faced prosecution on federal firearms charges.[1]
 
 
 5
 Referring to these other charges against black defendants, Nettles moved to dismiss his indictment on the ground of selective prosecution. He also requested extensive discovery concerning the government's internal procedures and charging decisions. At a subsequent hearing, Nettles' attorney told the court that his motion should be deemed a discovery request and not a motion to dismiss. The court denied the motion and related discovery request, finding that the operation was not racially motivated and had a legitimate law enforcement purpose.
 
 
 6
 Nettles then stipulated to the preparation of a pre-sentence report. The report recommended that he be classified as a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines. Upon receipt of the report, the government and Nettles entered into a plea agreement under which Nettles reserved his right to appeal the denial of his selective prosecution motion.
 
 
 7
 On January 25, 1991, the district court held a hearing on the career offender issue. Relying on United States v. O'Neal, 937 F.2d 1369 (9th Cir.1991), the court determined that Nettles qualified under the Guidelines. The court accordingly imposed a sentence of 96 months, within the Guideline range of 84 to 105 months. Nettles appeals.
 
 DISCUSSION
 A. Selective Prosecution
 
 8
 Nettles challenges the district court's denial of his motion for discovery. We review this decision for abuse of discretion. United States v. Bourgeois, No. 90-50595, slip op. 5747, 5752-53 (9th Cir. May 19, 1992). To obtain discovery, Nettles must identify specific facts giving rise to a colorable claim that: (1) similarly situated persons have not been prosecuted; and (2) his prosecution is based on an impermissible motive. United States v. Balk, 706 F.2d 1056, 1060 (9th Cir.1983). Bare assertions do not suffice. Bourgeois, slip. op. at 5756.
 
 
 9
 Our decision is controlled by Bourgeois, and we accordingly conclude that Nettles has failed to carry his burden on the first element. Prosecutorial practices must be tested against a broader universe of cases than a two-day crime sweep. See id. at 5758-59. Moreover, Nettles has failed to identify a single instance in which the government intentionally failed to prosecute a similarly situated person, however that class is defined. See id. at 5759.
 
 
 10
 With respect to impermissible motive, Nettles has failed to produce facts establishing that the government targeted him because of his race. In contrast, the government has presented ample evidence of a permissible motive. A convicted felon, Nettles admitted under oath to possessing a shotgun at the crack house. He told a court that the gun he was holding discharged into a wall during an argument over a drug deal. He further admitted to using the gun for protection in the same house days later. In addition, the government presented credible evidence that Operation Streetsweep targeted members of the most violent gangs. Accordingly, we hold that the district court did not abuse its discretion in denying discovery. See id. at 5760-61. A contrary conclusion would tend to compel law enforcement officials to follow racial quotas each time they engaged in a short-term operation.
 
 B. Sentencing as a Career Offender
 
 11
 Nettles also contends that the district court improperly sentenced him as a career offender under section 4B1.1 of the Sentencing Guidelines. Our review of the district court's interpretation is de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 12
 Section 4B1.1 of the Sentencing Guidelines requires enhanced sentencing if: (1) Nettles was at least 18 years old at the time of the offense; (2) the offense is a felony and either a crime of violence or a controlled substance offense; and (3) Nettles had at least two prior felony convictions for crimes of violence or controlled substances. The sole dispute here concerns whether possession of a firearm by a felon is a crime of violence.
 
 
 13
 In United States v. O'Neal, we held that this offense is by definition a crime of violence under section 4B1.2. O'Neal, 937 F.2d 1369, 1375 (9th Cir.1991). On November 1, 1989, after the sentencing reviewed in O'Neal but prior to Nettles' sentencing, the Sentencing Commission amended section 4B1.2. See U.S.S.G.App.C (amendment 268). The amendment deleted the reference to 18 U.S.C. § 16 and shifted the emphasis from the "nature" of the crime charged to the elements actually charged, or whether the specific charged conduct presented a serious risk of physical injury to another. United States v. Sahakian, No. 91-10199, slip. op. 5975, 5979-80 (9th Cir. May 26, 1992). As a result, we have discarded our O'Neal approach, and now consider whether the indictment charged conduct that involved the "use of explosives ... or, by its nature, presented a serious potential risk of physical injury to another." Id. at 5980 (quoting U.S.S.G. § 4B1.2, comment (n.2)).
 
 
 14
 In this case, the indictment merely charged that Nettles had been convicted of selling a controlled substance and "did knowingly possess a firearm, that is a Brazilian Cartridge Company, 20 gauge shotgun, serial number C955806, in and affecting commerce." The charged conduct does not include any element of actual, attempted, or threatened use of violence, and involves no serious potential risk of physical injury to another. See id. Accordingly, we conclude that Nettles did not commit a crime of violence, and enhancement was improper.[2]
 
 
 15
 CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.
 
 
 
 [1]
 A BATF agent advised Holden that Nettles belonged to the 107th Street Crips gang. Nettles has denied gang affiliation
 
 
 [2]
 Because our decision is controlled by Sahakian, we find it unnecessary to address Nettles' arguments concerning Amendment 433 and the retroactive application of O'Neal