968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ferdinand Gustave SCHAEFER, Defendant-Appellant.
 No. 91-50761.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ferdinand Schaefer appeals from his sentence, imposed following a guilty plea, for armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Schaefer contends that the district court erroneously determined that it lacked discretion to depart from the applicable range under the United States Sentencing Guidelines because Schaefer was a career offender. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 As a preliminary matter, the government contends that we should dismiss the appeal because Schaefer waived his right to appeal his sentence unless the district court imposed a sentence greater than that recommended by the government. A plea bargain is contractual in nature, and any dispute over its terms must be determined by objective standards. United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). A defendant may waive his statutory right to appeal if he does so knowingly. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Here, the plea agreement specifically provided that "[t]he defendant ... preserves the issue of his criminal history category for appeal if the Court finds the defendant to have a criminal history category greater than II" (CR 29 at 5). Although Schaefer agreed to waive his right to appeal, he clearly meant to limit the waiver, and he could reasonably construe the words "the issue of his criminal history category" to include the effect of his criminal history category on the possibility of departure from the applicable range. Accordingly, we will consider Schaefer's appeal.
 
 
 5
 The district court's discretionary decision not to depart is not reviewable, but we may review its legal determination that it lacked discretion to depart. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991). The district court has discretion to depart downward even if the defendant is a career offender, provided it determines that the criminal history category overrepresents the defendant's criminal past or the likelihood of recidivism, or finds another ground in the Guidelines' policy statements or commentary upon which to base a departure. See United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990); see also United States v. Anders, 956 F.2d 907, 910-11 (9th Cir.1992) ("[a] court must sentence within the applicable guideline range unless valid grounds exist for departure.... [and t]he defendant bears the burden of proving the appropriateness of a downward departure").
 
 
 6
 Here, both parties and the district court agreed that Schaefer had been very cooperative and that the Guidelines mandated a very harsh sentence for him. Nevertheless, the district court specifically considered and rejected the possibility of a downward departure due to overrepresentation of Schaefer's criminal history, and Schaefer conceded that his criminal past was not overrepresented. Schaefer did not suggest any other basis for departure to the district court, nor does the record reflect any facts warranting departure.
 
 
 7
 The district court described Schaefer's sentence as "what amounts to a mandatory guideline sentence," and stated that Schaefer was "the victim of the guidelines not the court. This is not something that the court would impose upon you if the court had the running room to do so" (RT 9/26/91 at 22, 24-25). To the extent this statement represents the district court's legal ruling that it lacked discretion to depart on a basis other than overrepresented criminal history, we affirm it, because the district court does indeed lack discretion to depart unless presented with a basis upon which to do so. See Lawrence, 916 F.2d at 554. Schaefer did not provide the district court with any basis for departure, and he cannot complain of the court's failure to discover a departure ground on its own. See Anders, 956 F.2d at 911. Because no basis for departure was presented other than the harshness of the resulting sentence, the district court correctly determined that it lacked discretion to depart.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3