977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David TRAUB, Defendant-Appellant.
 No. 91-50195.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Oct. 14, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM**
 
 
 2
 David Traub appeals a 33-month sentence he received after pleading guilty to one count of cocaine distribution. Traub argues that in computing Traub's relevant conduct under the Sentencing Guidelines, the trial court impermissibly took into account the amount of cocaine involved in a second cocaine distribution count that was dismissed as part of Traub's plea bargain. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Traub was charged inter alia with two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to the first count; the second count was dismissed. In determining Traub's Guidelines sentence, the trial court computed Traub's relevant conduct under U.S.S.G. § 1B1.3(a)(2) by taking into account the total amount of cocaine involved in both distribution counts (118.7 grams), rather than just the amount involved in the count to which Traub pleaded guilty (76.3 grams). The court found a base offense level of 18, a downward adjustment of 2 levels for acceptance of responsibility, and a criminal history category of III, resulting in a sentence range of 27 to 33 months. Traub was sentenced to 33 months imprisonment plus 3 years supervised release.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 4
 We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a trial court's factual findings underlying a sentence determination for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990). We review de novo a trial court's interpretation of the Guidelines. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 III.
 DISCUSSION
 
 5
 Traub argues that the district court erred in determining his sentence when it considered the amount of cocaine involved in the counts that were dismissed. Traub's argument was decisively rejected in United States v. Fine, No. 90-50280, slip op. 11067 (9th Cir. Sept. 14, 1992) (en banc). In Fine, this court held that the conduct underlying dismissed counts can be used by the court during sentencing. "[T]he offense level must be determined by 'all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (emphasis added). The application note expressly provides that 'multiple convictions are not required ' for acts to be counted in 'such acts or omissions.' U.S.S.G. § 1B1.3, comment. (n. 2) (emphasis added)." Id. at 11074.
 
 
 6
 This conclusion is also supported by United States v. Restrepo, 903 F.2d 648 (9th Cir.1990), op. withdrawn, in part, op. replaced, in part, on reh'g, 946 F.2d 654 (9th Cir.1991) (en banc) (adopting the panel's decision and analysis concerning relevant conduct under the Guidelines), cert denied, 112 S.Ct. 1564 (1992). In determining the defendant's offense level, the district court judge grouped together drugs from counts that resulted in a conviction as well as drugs from counts that did not. This court held that the district court had acted properly in aggregating drugs that were part of the same course of conduct. 903 F.2d at 653.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3