985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
George Allen MORGAN, Jr., Defendant-Appellee.
 No. 92-50231.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 5, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 The United States appeals from the sentence imposed on George Morgan, Jr., following a guilty plea, for passing counterfeit currency in violation of 18 U.S.C. § 472. The government contends that the district erred by ruling that it could not rely on Morgan's uncharged conduct when calculating the applicable sentencing range. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 2
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 3
 Under the Guidelines, a district court must determine the amount of loss involved in an offense on the basis of all conduct relevant to the offense of conviction, even when the defendant was not charged with all of the relevant conduct. U.S.S.G. § 1B1.3; United States v. Galliano, 977 F.2d 1350, 1354 (9th Cir.1992) (district court properly enhanced defendant's sentence for fraud by including losses attributable to acts which the government did not charge); see also United States v. Fine, 975 F.2d 596, 599-600 (9th Cir.1992) (en banc) (applying section 1B1.3(a)(2) to dismissed counts of mail fraud). Thus, "relevant conduct" can include uncharged conduct which has been proven by a preponderance of evidence. See United States v. Restrepo, 946 F.2d 654, 655-56 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). "The cumulative loss produced by a common scheme or course of conduct should be used in determining the offense level [for fraud], regardless of the number of counts of conviction." U.S.S.G. § 2F1.1, comment. (n. 6); accord United States v. Scarano, 975 F.2d 580, 584 (9th Cir.1992).
 
 
 4
 Here, Morgan was indicted in one count for passing $6,000 in counterfeit currency to Ted Jones Ford as partial payment for a car. The presentence report (PSR) stated that during the investigation of the offense, Morgan admitted to passing approximately $30-40,000 additional counterfeit funds in transactions other than the car sale. Morgan pleaded guilty to the single-count indictment without entering any plea agreement with the government. In the PSR, Morgan's offense level was calculated based on his admission that he had passed at least $36,000 in counterfeit currency. The district court rejected the inclusion of the additional counterfeit funds and refused to consider whether the uncharged conduct could be proven by a preponderance of evidence. The district court held that our original decision in Fine precluded the court from relying on any uncharged conduct.
 
 
 5
 Our en banc decision in Fine established that even conduct dismissed or uncharged pursuant to a plea agreement can be "relevant" to the calculation of the appropriate sentencing range. See Fine, 975 F.2d at 602-03. Accordingly, we vacate the sentence and remand for the district court to consider whether the uncharged conduct is part of the same scheme as the offense of conviction, and whether it was proven by a preponderance of evidence.[1] See Galliano, 977 F.2d at 1354; Scarano, 975 F.2d at 584.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Morgan contends that the government failed to meet the standard of proof for uncharged conduct, but we will not consider this issue as the district court declined to hear the government's proffered evidence or rule upon it