1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George JELVIK, Defendant-Appellant.
 No. 93-30407.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided July 29, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. ENTRAPMENT
 
 2
 Whether the facts establish entrapment as a matter of law is reviewed de novo. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986). "Entrapment is generally a jury question," id., and "[w]e will not disturb the jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that [the defendant] was predisposed to commit the charged offense," United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992); see also United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978). "To establish entrapment as a matter of law, the defendant must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." Smith, 802 F.2d at 1124; accord United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992); Hart, 963 F.2d at 1283.
 
 
 3
 "The defense of entrapment has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime." United States v. Barry, 814 F.2d 1400, 1401 (9th Cir.1987).
 
 A. Inducement
 
 4
 "Inducement requires more than mere suggestion or solicitation by a government agent." Barry, 814 F.2d at 1402 n. 2. It involves "repeated and persistent solicitation" or "persuasion" which overcomes the defendant's reluctance. See United States v. Reynoso-Ulloa, 548 F.2d at 1335. Because there is no evidence in the record of repeated and persistent solicitation, pressure or persuasion, the inducement element of entrapment has not been met.
 
 B. Predisposition
 
 5
 "Five factors are relevant in determining predisposition: (1) the character of the defendant, (2) who first suggested the criminal activity, (3) whether the defendant engaged in the activity for profit, (4) whether the defendant demonstrated reluctance, and (5) the nature of the government's inducement." Skarie, 971 F.2d at 320. "Although none of these factors is controlling, the defendant's reluctance to engage in criminal activity is the most important." Busby, 780 F.2d at 807; see also Reynosa-Ulloa, 548 F.2d at 1336. "Government initiation of illegal activity is one factor to be considered, but it is not determinative so long as the government only provides the defendant with an opportunity to commit a crime which he was already predisposed to commit." Busby, 780 F.2d at 807.
 
 
 6
 In the present case, the most important factors weigh in favor of predisposition. There is no evidence that Appellant was reluctant to commit the offense, and James Jelvik expressly stated that his father was perfectly willing to become involved. Appellant's profit motive is demonstrated by his testimony that he became involved in the deal to get money to pay a legal judgment against his property. As to Appellant's character, while he had no previous criminal record, he did permit his son to store drugs in his home and was familiar with his son's suppliers. And, the nature of the Government's inducement appears to be presentational--Tom Jelvik merely told Appellant that he had a buyer, there was no pressure applied or any governmental misconduct. The only factor weighing in favor of predisposition is the fact that the Government initially made the suggestion of criminal activity. However, without more this factor "is not determinative." See Busby, 780 F.2d at 807. Under the circumstances, Appellant was predisposed to commit the crime.
 
 II. APPEARANCE OF ADVOCACY
 
 7
 Appellant argues that remarks made by the district court during the defense's closing denied him the right to a fair trial and, consequently, the court erred in failing to order a mistrial. Specifically, Appellant contends the trial judge improperly created the appearance of advocacy or partiality by (1) introducing new evidence into the case during Jelvik's closing argument, and (2) instructing the jury to disregard certain evidence to which Appellant's counsel referred during his closing argument.
 
 
 8
 A trial court's decision to deny a new trial is reviewed for an abuse of discretion. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 
 9
 "A federal judge has broad discretion in supervising a trial, and his or her behavior during trial justifies reversal only if it abuses that discretion." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989); accord United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990). "The trial court has a duty to control final argument and to prevent any improper arguments," Spillone, 879 F.2d at 518, "and may ... confine counsel to evidentiary rulings," Laurins, 857 F.2d at 537. "A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." Id.
 
 A. The Court's Introduction of New Evidence
 
 10
 Appellant argues that the court created an appearance of impartiality by introducing evidence that was not a part of the record when it remarked that Tom Jelvik's forgery conviction was "very old." This contention is factually inaccurate. Evidence that Tom's forgery conviction was "very old"/"beyond ten years" was introduced during Special Agent Parra's cross-examination. Moreover, this point was conceded by Jelvik in his brief ("the jury learned that Tom had an old conviction for forgery ... and the evidence became part of the record")
 
 B. The Court's Jury Instruction
 
 11
 The district court's instruction to disregard Tom Jelvik's forgery conviction did not create an appearance of advocacy or partiality. The district court had previously determined that evidence of the prior forgery conviction was inadmissible under Fed.R.Crim.P. 609(b). In interrupting defense's closing and instructing the jury to disregard the inadmissible evidence, the court controlled and prevented the defense's improper argument, see Spillone, 879 F.2d at 518, and confined counsel to evidentiary rulings, see Laurins, 857 F.2d at 537.
 
 III. SENTENCING
 
 12
 Application of the Sentencing Guidelines is reviewed de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 13
 As a predicate for his argument, Appellant must show that he in fact provided substantial assistance to the Government. For a defendant to have "substantially assisted" the government, he must have assisted the government's investigation or prosecution of the criminal activities of another. U.S.S.G. Sec. 5K1.1 (Application Note 2.)
 
 
 14
 The district court expressly found that Appellant did not show that he had substantially assisted the Government, and Appellant presents no evidence that the district court's factual finding is clearly erroneous. See Burns, 894 F.2d at 336. Accordingly, Jelvik's argument fails, and we need not address the question of improper governmental motive.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3