68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo F. McGILL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Lorenzo F. McGILL, Defendant-Appellee.
 Nos. 94-50391, 94-50429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Withdrawn from Submission June 12, 1995.
Resubmitted Sept. 8, 1995.
Decided Oct. 10, 1995.
 
 1
 Before: FLETCHER, WIGGINS and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Lorenzo McGill appeals his conviction for distribution of cocaine base and aiding and abetting in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2. He contends that the district court erred when it denied his motion for discovery on the issue of selective prosecution and his request for an evidentiary hearing on the constitutionality of provisions in the United States Code and the Sentencing Guidelines regarding cocaine base. He also argues that the district court erred by preventing him from putting on his entrapment defense and by giving erroneous jury instructions. The government cross appeals, arguing that the district court erred when it departed downward from the career offender provisions of the Sentencing Guidelines. We affirm in part and vacate and remand in part.
 
 DISCUSSION
 A. Selective Prosecution[1]
 
 4
 For the reasons discussed in United States v. Reese, 60 F.3d 660, 661-64 (9th Cir.1995), the evidence submitted by McGill in support of the motion for discovery based on selective prosecution may well satisfy the colorable basis standard articulated in United States v. Armstrong, 48 F.3d 1508, 1512 (9th Cir.1995) (en banc). We therefore set aside the determination that the government need not provide discovery on McGill's selective prosecution claim.
 
 B. Equal Protection--Cocaine
 
 5
 McGill moved for an evidentiary hearing on the question of whether 21 U.S.C. Sec. 841(b)(1) and USSG Sec. 2D1.1[2] violate the equal protection guarantee of the Constitution as incorporated in the Due Process Clause of the Fifth Amendment because they stem from illegal racial animus and make an irrational distinction between crack and powder cocaine which results in a disproportionate impact on blacks. He contends that the district court erred when it denied the request for an evidentiary hearing and when it did "not analyz[e] Title 21, U.S.C. Sec. 841(b)(1)(b)(iii) and the sentencing guidelines, Sec. 2D1.1, under strict scrutiny and find[ ] them unconstitutional." We do not agree. In United States v. Dumas, No. 94-30313, slip op. 11407 (9th Cir. Sept. 12, 1995), we considered the claims McGill raises here and rejected them. We cannot and will not reconsider them now.
 
 C. The Entrapment Defense
 
 6
 The entrapment defense has two elements: 1) inducement by a government agent and 2) lack of predisposition. United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986). McGill complains that the district court prevented him from putting on evidence of these two elements. However, because he was not entitled to any entrapment defense whatsoever, refusal to allow introduction of testimony on either element was not error. For the same reason, the jury instruction on entrapment could not have resulted in reversible error.
 
 
 7
 McGill's entrapment defense focused on his co-defendant, Leon Hedges. However, there is nothing to suggest that Hedges was a government agent. Rather, it is clear that he had been influenced by informants and had in turn influenced McGill. That is a claim of derivative entrapment, which is not recognized in this circuit. See United States v. Davis, 36 F.3d 1424, 1431 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995); United States v. Restrepo, 930 F.2d 705, 713 (9th Cir.1991); United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989); Busby, 780 F.2d at 806-07.
 
 D. Sentencing error
 
 8
 McGill had two prior felony convictions for distribution of crack cocaine before he committed the offense at issue. The district court determined that he was a career offender. Under USSG Sec. 4B1.1, a defendant is a career offender if (1) he was at least eighteen years old at the time of the instant offense; 2) the instant offense is a felony that involves controlled substances; and 3) he has at least two prior felony convictions involving controlled substances. "A career offender's criminal history category in every case shall be Category VI." Id.
 
 
 9
 The district court, however, determined that McGill's proper criminal history category was IV, and that the proper base offense level was 34; in addition, the court reduced the offense level by two levels for McGill's acceptance of responsibility, which gave him a final adjusted offense level of thirty-two. That resulted in a sentencing range of 168-210 months. Had McGill been sentenced with a criminal history category of VI and an offense level of 32, he would have been in a sentencing range of 210-262 months.
 
 
 10
 A district court may depart downward from "career offender provisions" on the basis of a policy statement or commentary in the guidelines. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990). USSG Sec. 4A1.3 provides that courts may depart downward from the guidelines where they determine that the "defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.... The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category." In United States v. Reyes, 8 F.3d 1379, 1382-83 (9th Cir.1993), we upheld a district court's "downward departure from career offender status" because the district judge in that case relied on Sec. 4A1.3 and because the criminal history category was over-represented. Id. at 1387-88.
 
 
 11
 In the instant case the district court determined that the Sec. 4B1.1 "enhancement is discretionary" and that it would depart downward because "the sentence [that McGill would receive] is more than you get for first degree murder in the state of California.... I do find that he's a career offender, but I'm not going to apply it because I feel that the sentence would be greatly out of balance with other crimes."
 
 
 12
 The district court's findings in the instant case distinguish it from Reyes because the court did not call upon the language in a policy statement or a commentary in the Guidelines. It simply disagreed with the structure of the Guidelines. Apparently, the district court believed that whether to apply Sec. 4B1.1 at all was a discretionary decision, and that the fact that McGill would receive a greater sentence than a California murderer was an adequate basis upon which to refuse to apply the provision. It is true that the district court appeared to be balancing McGill's crime with "other crimes," such as murder, and in that sense the court determined that McGill's criminal offense category was too high. Nevertheless, the court did not compare McGill's case to that of "most defendants in the same criminal history category ... and therefore consider a downward departure from the guidelines." USSG Sec. 4A1.3. It decided that the Guidelines themselves were too Draconian. Moreover, the court failed to explain the amount of the departure. Thus, we cannot uphold the departure. See United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991).
 
 CONCLUSION
 
 13
 We reject McGill's claims regarding entrapment and the district court's refusal to grant an evidentiary hearing on his equal protection claim.
 
 
 14
 However, we set aside the determination that the government need not provide discovery on McGill's selective prosecution claim. In so doing we do not decide how the district court should exercise its discretion, nor do we preclude the taking of further evidence, nor, of course, do we speculate on the ultimate outcome of the proceedings. However, we vacate McGill's conviction. After conducting the selective prosecution proceedings the district court shall determine whether the conviction should be reinstated. We also vacate McGill's sentence and remand for resentencing.
 
 
 15
 AFFIRMED in part; VACATED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The selective prosecution motion was heard by Chief Judge Keep. All other issues were heard by Judge Turrentine
 
 
 [2]
 All references are to the November, 1993 Guidelines