UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                No. 02-4741

TIMOTHY EARL BROWN,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-958)

Submitted: June 25, 2003

Decided: July 9, 2003

Before WILKINSON and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Andrew R. Mackenzie, BARRETT MACKENZIE, L.L.C., Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timothy Earl Brown pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court adopted the findings in the presentence investigation report and sentenced Brown to 135 months of imprisonment, to be followed by a five-year term of supervised release.

Brown's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising five issues: (1) whether the district court erred in denying Brown's request for a downward adjustment based on his minor role in the offense; (2) whether the district court erred by enhancing his offense level for possession of a firearm; (3) whether the district court erred in declining to compel the Government to move for a substantial assistance departure; (4) whether the district court erred in refusing to depart downward based on Brown's sentencing entrapment and manipulation theories; and (5) whether the district court erred by refusing to depart downward based on Brown's post-offense rehabilitation efforts. Brown filed a pro se supplemental brief reiterating issues (1) and (5). We affirm in part, vacate in part, and remand for further proceedings.

Both Brown and his counsel have raised the issue of whether the district court clearly erred in denying Brown's request for a downward adjustment for his minor role in the offense, pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.2 (2001). Brown admitted to selling drugs on two occasions, and a defendant who sells drugs in a drug conspiracy is generally not a minor participant. *See* USSG § 3B1.2(b), comment. (n.5); *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). We therefore conclude that the district court did not clearly err in denying Brown's request for a downward adjustment

for his role in the offense. *See United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997) (stating standard of review).

Next, Brown's counsel raises the issue of whether the district court erred in applying a two-level enhancement to Brown's offense level for possessing a firearm during a drug offense, pursuant to USSG § 2D1.1(b)(1). Brown argues that the Government failed to prove that he possessed the firearm because he was not the owner of the vehicle where the weapon was found, he was not in the vehicle when the weapon was found, and the weapon was not in his actual possession when it was found. Although Brown may not have owned the vehicle where the weapon was found, his possession of the vehicle's key and the location of the vehicle at the state probation office's parking lot, where Brown was arrested, demonstrated that he had control of the vehicle. *See United States v. Gallimore*, 247 F.3d 134, 137 (4th Cir. 2001) (defining constructive possession). Further, the handgun was found in the vehicle next to a large amount of marijuana. *See* USSG § 2D1.1, comment. (n.3); *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). Therefore, we conclude that the district court properly applied the enhancement for possession of a firearm during the drug offense.

Brown's counsel also raises the issue of whether the district court erred in declining to compel the Government to move for a substantial assistance departure, pursuant to USSG § 5K1.1, p.s. There was no evidence (and Brown does not argue) that the Government's decision not to move for a substantial assistance departure was based on an unconstitutional motive or was unrelated to a legitimate government end. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). We therefore find that the district court properly refused to compel the Government to move for a substantial assistance departure.

Brown's counsel directs our attention to whether Brown was entitled to a downward departure because police engaged in sentencing entrapment and sentencing manipulation by specifically demanding crack cocaine in two controlled buys when Brown normally sold marijuana, and by making two controlled buys rather than one. Brown's sentencing entrapment claim fails because he did not claim that he lacked a predisposition to committing the drug offense. *See United States v. Jones*, 18 F.3d 1145, 1152-53 (4th Cir. 1994). Further, his

sentencing manipulation claim also fails because it is "not outrageous for the government to continue to purchase narcotics from willing sellers even after a level of narcotics relevant for sentencing purposes has been sold." *Id.* at 1155. Despite Brown's contention that he normally sold marijuana, there was no evidence suggesting that Brown was not a willing seller of crack cocaine.

Finally, both Brown and his counsel maintain that Brown's completion of a drug counseling program prior to sentencing entitled him to a downward departure. A sentencing court's decision not to depart is not reviewable unless the court's decision is based on a mistaken view that it lacks authority to do so. *United States v. Brock*, 108 F.3d 31, 33 (4th Cir. 1997). In *Brock*, we held that exceptional post-offense rehabilitation is a possible ground for departure. *See id.* at 35. In so holding, we recognized that our previous holding in *United States v. Van Dyke*, 895 F.2d 984, 986-87 (4th Cir. 1990), that post-offense rehabilitation can never form a proper basis for departure, had been overruled.

In this case, the district court relied on the probation officer's mistaken belief that the court could not depart downward based on post-offense rehabilitation. Although the district court did not expressly give its reasons for denying Brown's request to depart downward, it is clear that the court accepted the probation officer's statement that the court could not depart downward for post-offense rehabilitation due to our decision in *Van Dyke*. We therefore vacate this portion of Brown's sentence and remand to the district court for consideration of whether Brown's rehabilitation efforts were exceptional enough to warrant a downward departure. We express no view on the merits of this question.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. We therefore affirm Brown's conviction. We vacate Brown's sentence with regard to the district court's refusal to depart based upon post-offense rehabilitation efforts and remand for further proceedings consistent with this opinion. In all other respects, we affirm Brown's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*