**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4820

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY EARL BROWN,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5614)

Submitted: January 13, 2006      Decided: February 16, 2006

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF COIT YARBOROUGH, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Earl Brown's conviction was affirmed July 9, 2003. See United States v. Brown, No. 02-4741, 2003 WL 21541050 (4th Cir. July 9, 2003) (unpublished). We remanded the sentence for the limited purpose of allowing the district court to consider post-offense rehabilitation in imposing a sentence. After remand, the district court imposed the same 135-month sentence. We affirmed. See United States v. Brown, No. 03-4820, 2004 WL 1053225 (4th Cir. May 11, 2004) (unpublished). By order entered January 24, 2005, the United States Supreme Court granted certiorari, vacated this court's decision and remanded for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005).

Brown's sentence was based upon a mandatory application of the sentencing guidelines in which the district court made certain findings of fact. Brown's offense level was based upon a quantity of crack cocaine, a quantity of marijuana and possession of a firearm. The offense level was reduced as a result of Brown's acceptance of responsibility. The amount of crack cocaine for which Brown was found accountable is not being challenged. The amount of marijuana has no actual bearing on the offense level given the amount of crack cocaine. With respect to the challenged increase to the offense level for possession of a firearm, a fact not admitted by the defendant nor found beyond a reasonable doubt, we find no Sixth Amendment violation. In addition, we find no

plain error as a result of the mandatory application of the guidelines.

Brown was sentenced before the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004), or Booker (holding that Blakely applied to federal sentencing guidelines). We have identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552-53 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Id. at 546.

Brown did not allege in the district court a Sixth Amendment error or an error with respect to the mandatory application of the guidelines. Therefore, review is for plain error. Id. at 547. To demonstrate plain error, an appellant must establish an error occurred, it was plain, and it affected his substantial rights. Id. at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

For the purpose of this appeal, we assume the two-level enhancement for possession of a firearm was not admitted by Brown or proven beyond a reasonable doubt. If the two points for the possession were removed from the offense level, Brown's offense level before factoring acceptance of responsibility would have been 32.[1] For purposes of determining <u>Booker</u> error, we use the guideline range based on the facts the defendant admitted before the range was adjusted downward for acceptance of responsibility. <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Brown's guideline range under this analysis would have been 151-188 months' imprisonment. Brown's 135 month sentence is less than that authorized by the guidelines without consideration of the firearm. Thus, no Sixth Amendment error occurred.

Brown cannot show plain error in the mandatory application of the guidelines. In <u>United States v. White</u>, 405 F.3d 208, 216-17 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005), we reviewed for plain error where the mandatory application of the guidelines was not raised in the district court. We held treating the guidelines as mandatory was plain error in light of <u>Booker</u>, <u>id.</u> at 216-17, and declined to presume prejudice, <u>id.</u> at 217-22, holding the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action

---

[1]The offense level for drug quantity was 32 whether or not the marijuana was factored into the calculation. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1 (2001).

from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed," id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)) (first alteration added), we concluded the error did not affect the defendant's substantial rights and affirmed the sentence. Id. at 225; see also United States v. Collins, 412 F.3d 515, 524-25 (4th Cir. 2005) (finding defendant failed to demonstrate prejudice from being sentenced under mandatory sentencing guidelines).

Similarly, we find Brown has not shown a nonspeculative basis on which we could conclude the district court would have sentenced him differently had the guidelines been advisory instead of mandatory. Accordingly, Brown cannot demonstrate that application of the guidelines as mandatory affected his substantial rights.

We affirm the sentence.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]Brown's remaining arguments are beyond the scope of the Supreme Court's order and are not reviewable by this court.